Filed 2/22/21  Conservatorship of Farrant CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Conservatorship of the Person and Estate of NORMA FARRANT. | 2d Civil No. B306501 (Super. Ct. No. 56-2016-00483787-PR-CP-OXN) (Ventura County) |
| ANGELIQUE FRIEND, as Conservator, Petitioner and Respondent, v. DUANE FARRANT, Objector and Appellant. | |

This is the second appeal in this matter.  It concerns a residence that Duane Farrant claims is owned solely by him.  In the first appeal Farrant, the son of conservatee Norma Farrant, appealed an order granting conservator Angelique Friend's petition to sell the residence.  Conservator claimed that the residence had been owned by appellant and conservatee as joint

tenants, so each had a one-half interest in the residence. Conservator needed to sell the residence to raise funds to pay for services provided by an assisted living facility where conservatee was living. In a nonpublished opinion, we dismissed the appeal as moot because the residence had been sold and we could not undo the sale. (*Conservatorship of the Person and Estate of Norma Farrant* (Aug. 22, 2019) B289203.)

In the present appeal Duane Farrant appeals an order (1) confirming that a 2009 recorded deed quitclaiming the residence to him is void, (2) decreeing that the residence was owned by appellant and conservatee as joint tenants until the joint tenancy was severed in 2017, and (3) dividing the proceeds from the sale of the residence equally between appellant and conservator.[1]

Appellant contends that the probate court erroneously (1) based its decision on conservator's verified petition, (2) denied his request for an evidentiary hearing, and (3) improperly communicated ex parte with conservator's counsel. We affirm.

*Factual and Procedural Background*

After the remittitur was issued in the first appeal, conservator filed a verified petition requesting that the probate court divide the sale proceeds equally between her and appellant. Conservator claimed that the 2009 deed, in which conservatee had quitclaimed her entire interest in the residence to appellant, was "void as a matter of law."

Exhibits to the petition show the property's title history. Before conservatee signed the 2009 quitclaim deed, the residence

---

[1] A third appeal is pending before us in B307338. In this appeal the appellant is also Duane Farrant. On October 7, 2020, we denied appellant's motion to consolidate the second and third appeals.

2

was owned by her as trustee of the Norma Farrant Family Trust. Three weeks after conservatee had quitclaimed the residence to appellant, she signed a grant deed conveying the residence to herself and appellant as joint tenants. They both signed a deed of trust on the residence to secure a $120,000 loan. The deed of trust states that the borrower is "mother and son, as joint tenants." Thus, even appellant acted on the theory that the 2009 deed was void. He should be, and is, estopped from now trying to resurrect the 2009 deed by a new evidentiary hearing.

The petition's exhibits include a purported "contract" between conservatee and appellant that was signed approximately three months before the 2009 quitclaim deed. Conservatee agreed to quitclaim the residence to appellant in consideration of his "helping in [conservatee's] medical attention, food, clothing and normal care and needs. Not limited to, but to include all doctors['] appointments and things of which she will need for her life for as long as she's able to take care of herself." The contract stated: "[T]his is not to be the sole property of [appellant], as after the passing of [conservatee] the proceeds of said property and assets of [conservatee] shall be dispersed evenly between [appellant and his brother,] Joshua Farrant . . . ."

Appellant did not file a response to conservator's petition. The day before the hearing on the petition, the probate court "published" its tentative ruling in which it requested that conservator provide supplemental briefing. Conservator filed her brief on the date of the hearing. In the brief conservator claimed that appellant had unduly influenced conservatee to sign the 2009 quitclaim deed.

No evidence was presented at the hearing on the petition. Appellant's counsel argued that the 2009 quitclaim deed was

3

valid because when conservatee signed it, she "was very sophisticated, knowledgeable, and knew what she was doing." "It's not like as though she was not sophisticated or she didn't have the sound mind when she did this." In view of the valid quitclaim deed, conservatee "had zero interest in the property" when she subsequently deeded it to herself and appellant as joint tenants. Thus, "her subsequent transfer . . . has no legal effect." Appellant's counsel claimed that his client should receive all of the proceeds from the sale of the residence because under the quitclaim deed he was the sole owner of the property at the time of the sale. Counsel requested that the court permit him to file a brief "on this issue." The probate court did not rule on his request.

Conservator's counsel argued that conservatee's conduct "illustrate[s] . . . a pattern of someone who is susceptible to the undue influence of the person before her." Conservatee's signing of conflicting deeds within a period of three weeks "shows a person who doesn't know what they're doing." Counsel continued, "[N]ot only did everyone pretty much not rely on this rogue deed [the 2009 quitclaim deed], but . . . everyone relied on the subsequent deed [conveying title to conservatee and appellant as joint tenants] . . . ."

Appellant's counsel responded: "The fact that there were changes when [conservatee] changed her mind, as [conservator's] counsel argued, that is not evidence before this Court. . . . [¶] . . . [T]he Court should not be swayed by the emotional appeals of counsel . . . . There's no evidence to back it."

Conservator's counsel stated, "If I'm listening to [appellant's] counsel and I'm hearing him correct, he's asking for

4

an evidentiary hearing." Appellant's counsel replied, "Exactly, your Honor.  Thank you."

The court responded, "We're not going to revisit anything. . . .  We don't have any evidence that anyone has acted other than by ignoring this rogue [quitclaim] deed . . . since 2011 to the present. . . .  [¶]  I'm not going to give you time for an evidentiary hearing, because this has had opportunities to be addressed.  It has not been addressed.[2]  And, in fact, both Norma Farrant, the conservatee, and [appellant], whose interests are affected here, have acted as if this was a rogue deed for over a decade."  The court said its "ruling is based on not only the filings in this proceeding, but the supplemental brief filed today; the entirety of the proceedings as I understand them contained in the court file, which is voluminous; and the argument of counsel today."

*Alleged Violation of Statute Prohibiting Use of Affidavits and Verified Petitions in Contested Probate Proceedings*

"It has long been the rule that in probate matters 'affidavits may not be used in evidence unless permitted by statute. . . .'" (*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1308-1309 (*Bennett*).)  "[T]he Probate Code limits the use of affidavits to

_____

[2] Conservatee's counsel, who was present at the hearing, expressed the frustration caused by the long and drawn-out litigation:  "The Court's files have to be as large as the boxes in our office. . . .  These are pleadings that have been going [on] for years. . . .  [¶]  This is not the first time this is before the Court.  This is not the first time this has been before the federal court, civil court, and the Court of Appeals . . . .  [¶]  This has been trailing for years and years.  This has been addressed in at least 10 to 20 different hearings just on this topic alone . . . .  [W]e do intend to end this matter so that our client's funds are not consistently drained . . . ."

5

'uncontested proceeding[s].'" (*Id*. at p. 1309.) "Consequently, 'when challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate hearing. . . .'" (*Ibid*.) The relevant statute is Probate Code section 1022, which provides, "An affidavit or verified petition shall be received as evidence when offered in an *uncontested* proceeding under this code." (Italics added.)

The probate proceeding here was contested. Appellant contends that, in ruling that the 2009 quitclaim deed was void, the probate court acted "in direct violation of . . . Probate Code section 1022" by "basing its decision on affidavits and declaration against appellant's objection." (Bold and capitalization omitted.) We disagree. Appellant's counsel objected, on the ground of lack of supporting evidence, to the oral argument of conservator's counsel that conservatee's conduct "illustrate[s] . . . a pattern of someone who is susceptible to . . . undue influence" and "who doesn't know what they're doing." Appellant's counsel did not object to the court's consideration of conservator's verified petition and attached exhibits. Appellant's counsel referred to the exhibits during his oral argument. Thus, the probate court properly considered the verified petition and attached exhibits. (See *Estate pf Fraysher* (1956) 47 Cal.2d 131, 135 ["evidence which is admitted in the trial court without objection, although incompetent, should be considered in support of that court's action [citations], and objection may not be first raised at the appellate level"].)

*Right to Evidentiary Hearing in*
*Contested Probate Proceeding*

Appellant claims that, pursuant to *Estate of Lensch* (2009) 177 Cal.App.4th 667 (*Lensch*), and *Bennett, supra,* 163

Cal.App.4th 1303, the probate "court committed reversible error denying Appellant's request for evidentiary hearing." In *Lensch* petitioners filed a verified petition to determine whether a deceased beneficiary under a will had survived the testator. Petitioners would take under the will only if the beneficiary had not survived the testator. The petition was contested. At a hearing the probate court issued a tentative ruling that the beneficiary had survived the testator. It relied upon the testator's and beneficiary's death certificates. "Petitioners immediately requested an evidentiary hearing." (*Lensch, supra,* at p. 672.) Petitioners' "[c]ounsel pointed to 'sworn testimony of [his] client who spoke to the coroner who declared that the time of death of [the beneficiary] could not be determined.'" (*Ibid.*) The probate court denied the request for an evidentiary hearing. It issued a final ruling that "'[the beneficiary] survived [the testator], and that no further evidentiary hearing is required.'" (*Id.* at p. 673.)

The appellate court reversed. It concluded that, because the petition was contested, "the probate court should have granted the request for an evidentiary hearing." (*Lensch, supra,* 177 Cal.App.4th at p. 677.) The appellate court explained, "The Probate Code anticipates that a party may submit a matter on a verified petition alone. However, once a petition is contested, as this one was, the court erred in refusing to permit [petitioners] to proceed to an evidentiary hearing on the question of whether [the beneficiary] survived [the testator]." (*Id.* at p. 678.) The appellate court reversed the lower court's order and remanded the matter for an evidentiary hearing. (*Id.* at p. 682.)

*Bennett, supra,* 163 Cal.App.4th 1303, is consistent with *Lensch.* In *Bennett* the petitioners filed a motion to set aside and

7

rescind a settlement agreement and assignment of their interests in the decedent's estate. Petitioners claimed that the opposing party (Smith) "[had] obtained the settlement and assignment without giving adequate consideration and through fraud or duress, and that they executed these documents under a mistake of fact." (*Id*. at p. 1307.) Smith argued that the probate court must conduct an evidentiary hearing because petitioners' motion involved disputed material factual issues. Smith supported his argument with "four declarations and numerous exhibits, which made [several] factual assertions." (*Ibid*.) The court granted petitioners' motion without conducting an evidentiary hearing. The appellate court concluded, "[T]he probate court committed reversible error in denying Smith's request for an evidentiary hearing." (*Id*. at p. 1310.)

### *Standard of Review*

The parties agree that the standard of review is abuse of discretion. (See *Lensch*, *supra*, 177 Cal.App.4th at p. 676 ["In *Estate of Bennett*[, *supra*,] 163 Cal.App.4th 1303, . . . the court held it was an abuse of discretion to deny a request for an evidentiary hearing of a contested motion"].)

"'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion . . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

### *The Probate Court Did Not Abuse Its Discretion*

Appellant has failed to carry his burden of showing that the probate court abused its discretion in denying his request for an evidentiary hearing. Unlike the appellants in *Lensch* and *Bennett*, appellant here requested an evidentiary hearing without

8

specifying the factual issues he intended to litigate at the hearing and without explaining why a hearing was necessary. Appellant's counsel merely confirmed the understanding of conservator's counsel that appellant was "asking for an evidentiary hearing." In his reply brief appellant contends that the probate court erred in failing "to grant the requested evidentiary hearing on the issue of the mental competency of the Conservatee Farrant." But in the probate court appellant did not say that the purpose of the evidentiary hearing would be to assess conservatee's competency.

Furthermore, appellant did not identify the witnesses who would testify at the evidentiary hearing, nor did he make an offer of proof as to the substance of the evidence he would present at the hearing. In his opening brief appellant asserts, "Had the court granted [his] request for evidentiary hearing, [he] was going to call [conservatee's] personal physician and personal attorney to testify that [she] had the mental capacity on [the date she signed the 2009 quitclaim deed] to have knowingly, without undue influence executed the said quitclaim deed." Appellant did not inform the probate court that he intended to call these witnesses.

Appellant complains, "The court never request[ed] an offer of proof from the Appellant as a condition for granting or denying the request for evidentiary hearing." But it was not incumbent upon the probate court to request an offer of proof; it was incumbent upon appellant to make, or at least try to make, an offer of proof. (See *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 282 ["the failure to make an adequate offer of proof in the court below ordinarily precludes consideration on appeal of an allegedly erroneous exclusion of evidence"].)

9

*Even if the Probate Court Had Abused Its Discretion,*
*Appellant Has Not Shown Prejudicial Error*

"[A]n abuse of discretion results in reversible error only if it is *prejudicial.*" (*York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1190; see Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) The burden is on the appellant to show prejudice. (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069.) An assessment of prejudice is particularly difficult here because appellant did not make an offer of proof in the probate court. (See *People v. Anderson* (2001) 25 Cal.4th 543, 580 [rule requiring offer of proof in the trial court (Evid. Code, § 354, subd. (a)) "is necessary because, among other things, the reviewing court must know the substance of the excluded evidence in order to assess prejudice"].)

In his briefs, appellant does not even discuss the issue of prejudice. Accordingly, appellant has failed to carry his burden of showing that the alleged abuse of discretion prejudiced him.

*Probate Court's Allegedly Ex Parte*
*Communication with Conservator's Counsel*

In its tentative ruling published the day before the hearing, the probate court requested that conservator "provide a brief distinguishing this matter" from two appellate court published opinions. Appellant claims that this request was an improper ex parte communication between the court and conservator. The claim is without merit. Rule 8.00, subdivision A. of the Ventura County Superior Court Rules provides: "Tentative rulings will be available by 4:00 p.m. on the court day preceding the scheduled date of the hearing. Tentative rulings may be obtained on the court's Website at www.ventura.courts.ca.gov. Parties are encouraged to use the court's website to obtain tentative rulings.

10

Parties without internet access may call the judicial secretary for the courtroom of the hearing."

*Disposition*

The order appealed from is affirmed.  Conservator shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

11

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Law Offices of Levi Reuben Uku and Levi Reuben Uku, for Objector and Appellant.

Law Offices of David A. Esquibias, David Esquibias and Sara J. McLemen, for Petitioner and Respondent.